## A Lynn é Hijos de Pérez Moris *v.* Municipality of Yabucoa.

Question of jurisdiction between the Municipal Courts of "Catedral", San Juan, and Yabucoa.

No. 1.—Decided May 22, 1903.

Jurisdiction.—Articles of Commerce.—In the absence of express agreement to the contrary, an obligation to pay the price of articles of commerce sold at retail, must be performed at the place where the purchase was made and the municipal court thereof has cognizance of the matter·

### STATEMENT OF THE CASE.

On March 7, 1903, A. Lynn é Hijos de Pérez Moris, through their attorney--in--fact, Ramón Negrón Flores, brought suit in the Municipal Court of "Catedral" of this City, against the *Alcalde* and Councilmen of the Municipality of Yabucoa, for the recovery of the sum of fourteen dollars and seventy-nine cents due them by aforesaid Municipality, owing for stationery supplied by said firm to the former Municipal Corporation of Maunabo, together with legal interest thereon and the costs of the proceedings, up to date of payment. The complaint being admitted and defendants summoned to appear, the *Alcalde* of Yabucoa, on behalf of the Municipality, applied to the municipal court of said town, for an inhibition raising the question of jurisdiction, on the ground that the action prosecuted by plaintiff was a personal one, in which cases the competent court is the one where the domicile of defendant is located, except where there has been express or implied submission, to

acción ejercitada por el demandante es personal, y en estos casos es Juez competente el del domicilio del demandado, salvo los casos de sumisión expresa ó tácita; y dado traslado al Fiscal Municipal, opinó que el Juzgado debía sostener su competencia, y en su virtud, éste, por auto de 15 de Marzo último, se declaró competente y ordenó se librara oficio al Juzgado Municipal del Distrito de Catedral de San Juan, requiriéndole de inhibición.

*Resultando:* que recibido dicho oficio en el Juzgado Municipal del Distrito de Catedral de San Juan, dispuso éste la suspensión del juicio, y que se oyera á la parte actora, la que se opuso á la inhibitoria propuesta, fundándose en que la acción ejercitada nace de un contrato de compra-venta, y es Juez competente, en estos casos, el del lugar en donde se entrega la cosa vendida.  Oido el Ministerio Fiscal, opinó que es competente el Juzgado de Catedral de San Juan, por ser este lugar en donde debe cumplirse la obligación; y el Juzgado, por auto de 24 de Marzo, declaró sin lugar el requerimiento de inhibición, hecho por el de Yabucoa, y ordenó se comunicara á éste, con los testimonios necesarios, para que manifestara si insistía en su pretensión, ó desistía de ella, al objeto de cumplir con lo que dispone el artículo 98 de la Ley de Enjuiciamiento Civil.

*Resultando:* que recibidos en el Juzgado de Yabucoa, el oficio y testimonio remitidos por el de Catedral de San Juan, dictó auto en 27 de Marzo, insistiendo en la inhibitoria y ordenando se comunicara al Juzgado de Catedral de San Juan, á los efectos procedentes, y se remitieran las actuaciones á este Tribunal para la decisión de la competencia suscitada.

*Resultando:* que comunicada á este último Juzgado la anterior resolución, ordenó se elevaran las diligencias á este Tribunal Supremo, previa citación y emplazamiento de las partes, por el término legal; y recibidas finalmente en este Tribunal las actuaciones de ambos Juzgados, se ordenó la

the contrary. The question being referred to the Municipal Fiscal of Yabucoa, he expressed the opinion that the court should maintain its jurisdiction, whereupon by an order dated March 15th last, the said court declared itself competent, and ordered that a writ be issued forbidding the Municipal Court of the "Catedral" district to further proceed in the case.

Upon receipt of said writ, the Municipal Court of the "Catedral", district of San Juan, ordered a stay of proceedings, and the plaintiff being heard, the inhibition was opposed by him on the ground that the action arose from a contract of purchase and sale, in which case the court of the place where the thing purchased was delivered has jurisdiction. The Fiscal having been heard he was of opinion that the "Catedral" Court of San Juan was competent to take cognizance of the matter, inasmuch as San Juan was the place where the obligation had to be performed. Thereupon the court by an order dated March 24th, declared that the inhibition of the Yabucoa Court could not be maintained and ordered that this decision be communicated to the said court together with the necessary certificates, in order that it might advise whether it insisted upon maintaining the position which it had taken or whether it would withdraw therefrom, for the purpose of complying with the provisions of article 98 of the Law of Civil Procedure.

Upon receipt of the official communication and the attestation forwarded by the Municipal Court of "Catedral", by the Municipal Court of Yabucoa, the latter, on March 27th, made an order insisting upon the writ of inhibition and directing that said order be communicated to the Municipal Court of "Catedral", San Juan, for its information and guidance, and that the record be forwarded to this court, for a decision upon the question of jurisdiction that had been raised.

The aforesaid order having been communicated to the

formación del apuntamiento, habiéndose señalado la vista, que tuvo lugar en el día de hoy.

Abogado del demandado: *Sr. Acuña* (Eduardo).

Fiscal del Tribunal Supremo: *Sr. del Toro.*

La parte demandante no compareció.

Municipal Court of "Catedral", San Juan, the latter ordered that the papers be forwarded to this Supreme Court, after citation of the parties during the period prescribed by law. The records of both municipal courts having finally been received by this court, the summary of the case was ordered to be made and a day set for the hearing, which took place on this day.

*Mr. Acuña (Eduardo),* for defendant.

*Mr. del Toro,* Fiscal of the Supreme Court.

No one appearing for the plaintiff.

MR. JUSTICE MACLEARY, after making the above statement of facts, rendered the following opinion of the court.

In the absence of an express agreement to the contrary, the obligation to pay the price of articles of commerce sold at retail, must be performed at the place in which the establishment where the purchase was made is located, as this Supreme Court has repeatedly held, and according also to the latest jurisprudence established by the Supreme Court of Spain.

Inasmuch as plaintiff's mercantile establishment, where the goods were purchased, is located in the City of San Juan, which point is the only one to be considered for the purposes of the question of jurisdiction, it is evident that the obligation to pay the price should be performed in San Juan.

We adjudge that we should declare, and do declare, that the Municipal Court of "Catedral", in San Juan, is competent to take cognizance in this suit. The records are therefore ordered to be forwarded to said court, and notice hereof given to the Municipal Court of Yabucoa, the costs incurred being taxed against the respective parties.

Messrs. Chief Justice Quiñones, and Associate Justices Hernández and Figueras, concurring.

Associate Justice Sulzbacher did not sit at the hearing of this case.